**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUHAM POLIS MARROGI, a.k.a. Stagkouri Mandela Georgios, | No. 05-72641 |
| Petitioner, | Agency No. A078-542-175 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010 [**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Suham Polis Marrogi, a native and citizen of Iraq, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") denial of her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual determinations. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We grant the petition for review and remand.

The BIA assumed Marrogi established past persecution on account of her Chaldean Christian identity, but held changed circumstances in Iraq, namely the fall of the Ba'ath party, rebutted her presumption of future fear. After the BIA's decision, this court issued two decisions involving Chaldean Christians from Iraq, in which the court concluded that the evidence regarding the fall of Saddam Hussein and the Ba'ath party did not provide the agency with a basis to conclude that petitioners no longer feared religious persecution. *See Hanna v. Keisler*, 506 F.3d 933, 938 (9th Cir. 2007); *Mousa v. Mukasey*, 530 F.3d 1025, 1030 (9th Cir. 2008). Because, here, the government failed to make a sufficient showing regarding "whether [Marrogi] would likely fear religious persecution from others in post-Saddam Hussein Iraq," we remand Marrogi's asylum and withholding claims for further consideration of this issue. *Hanna*, 506 F.3d at 938; *see also Mousa*, 530 F.3d at 1030. Upon remand, the Board may wish to consider whether Marrogi's fear of future persecution is objectively reasonable in light of the current conditions in Iraq. *See Hanna*, 506 F.3d at 939.

2                                                                     05-72641

We also remand because the BIA failed to consider in the first instance whether Marrogi should receive humanitarian asylum on the ground that there exists a "reasonable possibility" she may "suffer other serious harm" if removed to Iraq. *See Hanna,* 506 F.3d at 939 (stating petitioner appeared to qualify for humanitarian asylum based on the likely future harm he would suffer as a Christian in Iraq, but remanding for the BIA to consider the issue in the first instance); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (BIA is not free to ignore arguments raised by a party).

Finally, Marrogi contends that her statutory right to counsel and her due process rights were violated by the IJ's decision to proceed with a hearing when counsel failed to appear, and by the IJ's bias at subsequent hearings when counsel was present. In light of our remand, we do not reach these issues.

In light of our conclusions, we also remand Marrogi's CAT claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**